UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| teamLab Inc., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arte Museum LV, LLC, a Delaware limited liability company; D'strict Holdings, Inc., a Delaware corporation; and D'strict Korea Inc., a Korean Corporation,<br><br>Defendants. | Case No. 2:23-cv-01956-JAD-DJA<br><br>**Order** |

  Before the Court is the parties' discovery plan. (ECF No. 32). The parties dispute the length of discovery, but agree that fact and expert discovery should be bifurcated. As Defendants explain, "[b]ifurcation of fact and expert discovery will enable the experts to opine on the full factual record without needing to later supplement their reports after more information is produced. Three months are needed for expert discovery to allow the parties adequate time to prepare expert disclosures, prepare rebuttals to those disclosures, seek additional discovery from the experts (if needed), and depose the experts." (ECF No. 32 at 7). Plaintiff seeks a 287-day discovery period and Defendants seek a 214-day discovery period.

  The Court will grant Plaintiff's proposed discovery period given the fact that many witnesses are international and many documents may require translation. However, the Court declines to bifurcate discovery at this stage without more robust argument regarding why it is necessary. The Court often declines to bifurcate discovery because bifurcation can lead to disputes regarding whether certain discovery is properly qualified as "fact" or "expert" discovery. And, if the parties learn about additional areas of factual discovery they wish to pursue after expert disclosures, they must reopen discovery to do so. The parties are certainly free to structure their discovery to attempt and complete much of their fact-based discovery before expert

discovery. But the Court is not inclined to mandate it. Because the Court does not adopt the bifurcated discovery schedule, it also does not adopt the three-month expert discovery timeframe the parties propose. However, the parties may move to extend discovery if necessary.

Additionally, while the parties propose extended briefing schedules for dispositive motions, the Court declines to extend those schedules in the discovery plan for two reasons. First, extensions of time are governed by Federal Rule of Civil Procedure 6 and Local Rule IA 6-1, which rules require a request for an extension to state the reasons for the extension requested and to show good cause for the request. The parties do not make this showing in their discovery plan and effectively request that the Court issue an advisory opinion on the issue of briefing schedules before that issue is ripe. Second, in this district, magistrate judges typically handle setting discovery plans and overseeing discovery while district judges typically handle dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Requests to extend dispositive motion briefing schedules are thus more properly decided by the district judge when the dispositive motion is pending and not by the magistrate judge in the early stages of the case. The Court thus declines to enter the parties' proposed dispositive motion briefing schedule.

///

///

///

**IT IS THEREFORE ORDERED** that the parties' discovery plan (ECF No. 32) is **granted in part and denied in part**. It is granted in part regarding Plaintiff's request for a 287-day discovery period. It is also granted regarding the provisions on which the parties agree. It is denied in all other respects.

**IT IS FURTHER ORDERED** that the below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | September 17, 2024 |
| Expert disclosures: | October 17, 2024 |
| Rebuttal expert disclosures: | November 18, 2024 |
| Close of discovery: | December 16, 2024 |
| Dispositive motions: | January 15, 2025 |
| Joint pretrial order: | February 14, 2025 |

DATED: June 10, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE